NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS, SBN 197904
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INDUSTRIAL PAINTING AND RIGGING INC, an Ohio corporation; GEORGE KAFANTARIS, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT (3 COUNTS)**<br><br>**2. BREACH OF PERSONAL GUARANTY (3 COUNTS)** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## **PARTIES AND JURISDICTION**

1.     Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2.     Defendant Industrial Painting and Rigging Inc ("Industrial Painting") is, and at all times relevant to this action was, an Ohio corporation, incorporated in Ohio, with its principal place of business in the County of Cuyahoga, State of Ohio.

3.     Defendant George Kafantaris ("Kafantaris") (collectively with Industrial Painting, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Lorain, State of Ohio, and was a shareholder, officer, director, agent and/or owner of Industrial Painting.  Based on information and belief, including the Driver's License submitted by Kafantaris to Balboa, Kafantaris is domiciled in Columbia Station, OH 44028.

4.     Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5.     The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1

COMPLAINT

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreements and Personal Guaranties described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreements provide, in pertinent part, as follows:

> **25. GENERAL.** … THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND [sic] AGRESS THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Industrial Painting is a citizen of the State of Ohio; and Kafantaris is a citizen of the State of Ohio. As such, neither Industrial Painting nor Kafantaris are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

9. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

10. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

Salisian|Lee LLP

COMPLAINT

# FIRST CAUSE OF ACTION

## (Breach of Equipment Financing Agreement No. 1)

## (Against Industrial Painting)

11.  Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

12.  Prior to February 2023, Balboa is informed and believes that Industrial Painting initiated and engaged with Richie Bros. Auctioneers (America) Inc., located at 4000 Pine Lake Road Lincoln, NE 68516 ("Equipment Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 1") for its business.  Equipment Vendor No. 1 worked with Industrial Painting in the selection of Collateral No. 1 and in coordinating its delivery.

13.  Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 1 initiated and coordinated submission of Industrial Painting's electronic credit application to Balboa and other financial institutions. Upon review, Industrial Painting concluded that Balboa offered agreeable terms to finance Collateral No. 1 commensurate with its requirements.  Thereafter, Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Industrial Painting to finance Collateral No. 1 being supplied by Equipment Vendor No. 1.

14.  On or about February 24, 2023, Industrial Painting executed a certain written Equipment Financing Agreement No. 364684-004 ("EFA No. 1"), under the terms of which Balboa loaned to Industrial Painting the sum of Thirty-Seven Thousand Four Hundred Twenty-Seven Dollars and Eighteen Cents ($37,427.18) to finance Collateral No. 1 for its business.  EFA No. 1 required Industrial Painting to make three (3) monthly payments of $0.00 and fifty-seven (57) monthly payments of $886.52, payable on the 29th day of each month beginning March 29, 2023.  A

Salisian|Lee LLP

COMPLAINT

true and correct copy of EFA No. 1 is attached as **<u>Exhibit A</u>** and is incorporated here by reference.

15.    On or about March 27, 2024, Balboa and Industrial Painting amended EFA No. 1 which changed the original loan amount to $23,250.13 and the monthly payments to $550.71, beginning March 29, 2024.

16.    The last payment received by Balboa was credited toward the monthly payment due for February 28, 2025.  Therefore, on or about March 29, 2025, Industrial Painting breached EFA No. 1 by failing to make the monthly payment due on that date.  Industrial Painting's failure to make timely payments is a default under the terms of EFA No. 1.

17.    In accordance with EFA No. 1, and as a proximate result of Industrial Painting's default thereunder, Balboa declared the entire balance of payments under EFA No. 1 to be immediately due and payable to Balboa.  Therefore, there became due the sum of $19,825.56.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Industrial Painting.

18.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 1, except as excused or prevented by the conduct of Industrial Painting.

19.    As a proximate result of Industrial Painting's breach of EFA No. 1, Balboa has been damaged in the sum of **$19,825.56**, plus prejudgment interest from March 29, 2025, until the entry of judgment herein.

20.    Further, under the terms of EFA No. 1, Industrial Painting promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Industrial Painting.

21.    EFA No. 1 also provides Balboa the remedy of possession of Collateral No. 1 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds

from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 1.

### SECOND CAUSE OF ACTION

**(Breach of Personal Guaranty No. 1)**

**(Against Kafantaris)**

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of EFA No. 1, and in order to induce Balboa to enter into EFA No. 1 with Industrial Painting, Kafantaris guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of EFA No. 1. A true and correct copy of the written Personal Guaranty signed by Kafantaris ("Guaranty No. 1") is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Kafantaris.

25. Following a default by Industrial Painting under the terms of EFA No. 1, Balboa demanded Kafantaris make the payments required under EFA No. 1. Kafantaris failed to meet Guaranty No. 1 obligations and make the payments required under EFA No. 1.

26. Pursuant to the terms of Guaranty No. 1, the sum of $19,825.56, plus prejudgment interest from March 29, 2025, is due and payable to Balboa from Kafantaris. This Complaint, in addition to previous demands, shall constitute further demand upon Kafantaris to pay the entire indebtedness due and owing from Industrial Painting to Balboa under the terms of EFA No. 1.

27. Under the terms of Guaranty No. 1, Kafantaris promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement

5

COMPLAINT

Salisian|Lee LLP

1  of EFA No. 1 and Guaranty No. 1.  Therefore, Balboa requests the Court award

2  Balboa its reasonable attorneys' fees and costs as against Kafantaris.

3  <center>**THIRD CAUSE OF ACTION**</center>

4  <center>**(Breach of Equipment Financing Agreement No. 2)**</center>

5  <center>**(Against Industrial Painting)**</center>

6  28.    Balboa alleges and incorporates by reference each and every allegation

7  contained above, inclusive, as through each were fully set forth here.

8  29.    Prior to March 2023, Balboa is informed and believes that Industrial

9  Painting initiated and engaged with Ironplanet, Inc. - MPT, located at 5667

10  Gibraltar Pleasanton, CA 94588 ("Equipment Vendor No. 2"), in order to

11  coordinate the acquisition and financing of certain equipment (hereinafter referred

12  to as "Collateral No. 2") for its business.  Equipment Vendor No. 2 worked with

13  Industrial Painting in the selection of Collateral No. 2 and in coordinating its

14  delivery.

15  30.    Thereafter, Balboa is informed and believes, and therefore alleges, that

16  Equipment Vendor No. 2 initiated and coordinated submission of Industrial

17  Painting's electronic credit application to Balboa and other financial institutions.

18  Upon review, Industrial Painting concluded that Balboa offered agreeable terms to

19  finance Collateral No. 2 commensurate with its requirements.  Thereafter,

20  Equipment Vendor No. 2 accumulated and submitted to Balboa the requisite

21  signatories, documentation and financial information from Industrial Painting to

22  finance Collateral No. 2 being supplied by Equipment Vendor No. 2.

23  31.    On or about March 21, 2023, Industrial Painting executed a certain

24  written Equipment Financing Agreement No. 364684-005 ("EFA No. 2"), under the

25  terms of which Balboa loaned to Industrial Painting the sum of One Hundred

26  Seventy-One Thousand Six Hundred Twenty-Six Dollars and Eighty-Two Cents

27  ($171,626.82) to finance Collateral No. 2 for its business.  EFA No. 2 required

28  Industrial Painting to make forty-eight (48) monthly payments of $4,724.47,

<center>6</center>

Salisian|Lee LLP

payable on the 20th day of each month beginning April 20, 2023. A true and correct copy of EFA No. 2 is attached as **Exhibit C** and is incorporated here by reference.

32.    The last payment received by Balboa was credited toward the monthly payment due for February 20, 2025. Therefore, on or about March 20, 2025, Industrial Painting breached EFA No. 2 by failing to make the monthly payment due on that date. Industrial Painting's failure to make timely payments is a default under the terms of EFA No. 2.

33.    In accordance with EFA No. 2, and as a proximate result of Industrial Painting's default thereunder, Balboa declared the entire balance of payments under EFA No. 2 to be immediately due and payable to Balboa. Therefore, there became due the sum of $122,836.22. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Industrial Painting.

34.    In addition, the terms of EFA No. 2 provide that Industrial Painting is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $1,133.88 are now due and owing.

35.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Industrial Painting.

36.    As a proximate result of Industrial Painting's breach of EFA No. 2, Balboa has been damaged in the sum of **$123,970.10**, plus prejudgment interest from March 20, 2025, until the entry of judgment herein.

37.    Further, under the terms of EFA No. 2, Industrial Painting promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Industrial Painting.

Salisian|Lee LLP

COMPLAINT

38.     EFA No. 2 also provides Balboa the remedy of possession of Collateral No. 2 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 2.

## FOURTH CAUSE OF ACTION

### (Breach of Personal Guaranty No. 2)

### (Against Kafantaris)

39.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

40.     Concurrent with the execution of EFA No. 2, and in order to induce Balboa to enter into EFA No. 2 with Industrial Painting, Kafantaris guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of EFA No. 2.  A true and correct copy of the written Personal Guaranty signed by Kafantaris ("Guaranty No. 2") is attached as **Exhibit D** and incorporated herein by reference.

41.     Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Kafantaris.

42.     Following a default by Industrial Painting under the terms of EFA No. 2, Balboa demanded Kafantaris make the payments required under EFA No. 2. Kafantaris failed to meet Guaranty No. 2 obligations and make the payments required under EFA No. 2.

43.     Pursuant to the terms of Guaranty No. 2, the sum of $123,970.10, plus prejudgment interest from March 20, 2025, is due and payable to Balboa from Kafantaris.  This Complaint, in addition to previous demands, shall constitute further demand upon Kafantaris to pay the entire indebtedness due and owing from Industrial Painting to Balboa under the terms of EFA No. 2.

Salisian|Lee LLP

COMPLAINT

44.    Under the terms of Guaranty No. 2, Kafantaris promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2 and Guaranty No. 2.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Kafantaris.

## FIFTH CAUSE OF ACTION

### (Breach of Equipment Financing Agreement No. 3)

### (Against Industrial Painting)

45.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as through each were fully set forth here.

46.    Prior to March 2023, Balboa is informed and believes that Industrial Painting initiated and engaged with Equipment Vendor No. 1, in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 3") for its business.  Equipment Vendor No. 1 worked with Industrial Painting in the selection of Collateral No. 3 and in coordinating its delivery.

47.    Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 1 initiated and coordinated submission of Industrial Painting's electronic credit application to Balboa and other financial institutions. Upon review, Industrial Painting concluded that Balboa offered agreeable terms to finance Collateral No. 3 commensurate with its requirements.  Thereafter, Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Industrial Painting to finance Collateral No. 3 being supplied by Equipment Vendor No. 1.

48.    On or about March 31, 2023, Industrial Painting executed a certain written Equipment Financing Agreement No. 364684-006 ("EFA No. 3"), under the terms of which Balboa loaned to Industrial Painting the sum of Thirty-Nine Thousand One Hundred Eighty-Four Dollars and Sixty Cents ($39,184.60) to finance Collateral No. 3 for its business.  EFA No. 3 required Industrial Painting to

9

Salisian|Lee LLP

make forty-eight (48) monthly payments of $1,079.08, payable on the 5th day of each month beginning May 5, 2023. A true and correct copy of EFA No. 3 is attached as **Exhibit E** and is incorporated here by reference.

49. The last payment received by Balboa was credited toward the monthly payment due for March 5, 2025. Therefore, on or about April 5, 2025, Industrial Painting breached EFA No. 3 by failing to make the monthly payment due on that date. Industrial Painting's failure to make timely payments is a default under the terms of EFA No. 3.

50. In accordance with EFA No. 3, and as a proximate result of Industrial Painting's default thereunder, Balboa declared the entire balance of payments under EFA No. 3 to be immediately due and payable to Balboa. Therefore, there became due the sum of $28,056.08. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Industrial Painting.

51. In addition, the terms of EFA No. 3 provide that Industrial Painting is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $129.49 are now due and owing.

52. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 3, except as excused or prevented by the conduct of Industrial Painting.

53. As a proximate result of Industrial Painting's breach of EFA No. 3, Balboa has been damaged in the sum of **$28,185.57**, plus prejudgment interest from April 5, 2025, until the entry of judgment herein.

54. Further, under the terms of EFA No. 3, Industrial Painting promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 3. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Industrial Painting.

Salisian|Lee LLP

COMPLAINT

55.     EFA No. 3 also provides Balboa the remedy of possession of Collateral No. 3 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 3 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 3.

## SIXTH CAUSE OF ACTION

### (Breach of Personal Guaranty No. 3)

### (Against Kafantaris)

56.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

57.     Concurrent with the execution of EFA No. 3, and in order to induce Balboa to enter into EFA No. 3 with Industrial Painting, Kafantaris guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of EFA No. 3.  A true and correct copy of the written Personal Guaranty signed by Kafantaris ("Guaranty No. 3") is attached as **Exhibit F** and incorporated herein by reference.

58.     Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 3, except as excused or prevented by the conduct of Kafantaris.

59.     Following a default by Industrial Painting under the terms of EFA No. 3, Balboa demanded Kafantaris make the payments required under EFA No. 3. Kafantaris failed to meet Guaranty No. 3 obligations and make the payments required under EFA No. 3.

60.     Pursuant to the terms of Guaranty No. 3, the sum of $28,185.57, plus prejudgment interest from April 5, 2025, is due and payable to Balboa from Kafantaris.  This Complaint, in addition to previous demands, shall constitute further demand upon Kafantaris to pay the entire indebtedness due and owing from Industrial Painting to Balboa under the terms of EFA No. 3.

Salisian|Lee LLP

COMPLAINT

61.    Under the terms of Guaranty No. 3, Kafantaris promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 3 and Guaranty No. 3.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Kafantaris.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1.    The sum of $19,825.56;

2.    Prejudgment interest from March 29, 2025 to the date of entry of judgment;

3.    Late charges and non-sufficient charges in an amount to be proven at trial;

4.    An order to recover possession of Collateral No. 1 which is the subject of EFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;

5.    Reasonable attorneys' fees and costs;

6.    Costs of suit as provided by law; and

7.    Such other and further relief that the Court considers proper.

**On the Third and Fourth Causes of Action:**

1.    The sum of $123,970.10;

2.    Prejudgment interest from March 20, 2025 to the date of entry of judgment;

3.    Late charges and non-sufficient charges in an amount to be proven at trial;

4.    An order to recover possession of Collateral No. 2 which is the subject of EFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;

Salisian|Lee LLP

COMPLAINT

5.      Reasonable attorneys' fees and costs;

6.      Costs of suit as provided by law; and

7.      Such other and further relief that the Court considers proper.

**On the Fifth and Sixth Causes of Action:**

1.      The sum of $28,185.57;

2.      Prejudgment interest from April 5, 2025 to the date of entry of judgment;

3.      Late charges and non-sufficient charges in an amount to be proven at trial;

4.      An order to recover possession of Collateral No. 3 which is the subject of EFA No. 3, or if Collateral No. 3 cannot be delivered, for its reasonable value according to proof;

5.      Reasonable attorneys' fees and costs;

6.      Costs of suit as provided by law; and

7.      Such other and further relief that the Court considers proper.


DATED: May 27, 2025              SALISIAN | LEE LLP


By: _____

     Jared T. Densen
     Patty W. Chen
     Neal S. Salisian


Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL
CORPORATION

13

COMPLAINT